**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Rupinder K Dhesi** <br> First Name  Middle Name  Last Name | Social Security number or ITIN  **xxx–xx–6019** <br> EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN  _ _ _ _ <br> EIN  _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court  **District of New Jersey**

Case number:  **16–29421–KCF**

# Order of Discharge                                                                        12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Rupinder K Dhesi

12/27/16                                                                                                      **By the court:**  Kathryn C. Ferguson
                                                                                                                                          United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                                                  **Order of Discharge**                                                              page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Official Form 318                              **Order of Discharge**                              page 2

United States Bankruptcy Court
District of New Jersey

In re:                                                                   Case No. 16-29421-KCF
Rupinder K Dhesi                                                         Chapter 7
       Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin             Page 1 of 1            Date Rcvd: Dec 27, 2016
                              Form ID: 318            Total Noticed: 8

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 29, 2016.
```
db           +Rupinder K Dhesi,    7 Helen Ct.,    Monroe Township, NJ 08831-3551
516441037    +Bank of New York Mellon,    C/O Law Office Parker McCay Brian E Cain,    PO Box 5054,
               Mount Laurel, NJ 08054-5054
516480156    +Discover Bank      $15,359.00,    C/O Pressler & Pressler, LLP,    7 Entin Rd.,
               Parsippany, NJ 07054-5020
516441038    +Real time Resolutions,    PO Box 1259,    Oaks, PA 19456-1259
516441039    +Shellpoint Mortgage Servicing,    PO Box 7050,    Troy, MI 48007-7050
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg           E-mail/Text: usanj.njbankr@usdoj.gov Dec 28 2016 02:42:47      U.S. Attorney,    970 Broad St.,
               Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg          +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Dec 28 2016 02:42:45      United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
               Newark, NJ 07102-5235
516441036    +EDI: BANKAMER.COM Dec 27 2016 22:18:00      Bank Of America,    Nc4-105-03-14,    Po Box 26012,
               Greensboro, NC 27420-6012
                                                                                              TOTAL: 3
```

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 29, 2016                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 27, 2016 at the address(es) listed below:
```
              Barry R. Sharer    on behalf of Trustee Barry R. Sharer CShapiro@SharerPBS.com,
               BSharer@SharerPBS.com;nj83@ecfcbis.com
              Barry R. Sharer    CShapiro@SharerPBS.com,    BSharer@SharerPBS.com;nj83@ecfcbis.com
              Denise E. Carlon    on behalf of Creditor    THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,
               AS TRUSTEE FOR THE dcarlon@kmllawgroup.com,    bkgroup@kmllawgroup.com
              Robert C. Nisenson    on behalf of Debtor Rupinder K Dhesi rnisenson@aol.com,
               nisensonlaw@aol.com;G2729@notify.cincompass.com;nisensonlaw@gmail.com
                                                                                             TOTAL: 4
```